# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION  15-0084-WS-B |
| | ) |
| **PSC ADMINISTRATIVE, LLC, etc.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to strike.  (Doc. 27).  The defendants have filed a response and the plaintiff a reply, (Docs. 31, 32), and the motion is ripe for resolution.

The plaintiff has sued the defendants for violating Section 5 of the Federal Trade Commission Act and the plaintiff's telemarketing sales rule in connection with a "debt relief scheme that preyed on consumers with multiple payday loans." (Doc. 27 at 1).  The complaint seeks injunctive relief as well as relief to redress injury to consumers, including "rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies."  (Doc. 1 at 17).  The defendants filed separate answers asserting a total of thirteen affirmative defenses.  (Docs. 19-22).[1]  The plaintiff moves under Rule 12(f) to strike all these defenses.[2]

---

[1] All defendants asserted the first nine, while the two individual defendants also asserted the final four.

[2] The plaintiff also invokes Rule 39(a)(2) but fails to explain its relevance.  (Doc. 27 at 1).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to strike material under Rule 12(f) is committed to the trial court's discretion.[3]

"Courts disfavor the motion to strike ...." 2 J. Moore, Moore's Federal Practice § 12.37[1] (3rd ed. 2000). "[T]he movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only where it is [legally] insufficient on the face of the pleadings." *Id*. § 12.37[4]; *accord Fabrica Italiana Lavorazione Materie Organiche v. Kaiser Aluminum & Chemical Corp*., 684 F.2d 776, 779 (11th Cir. 1982) (the defense must be insufficient "as a matter of law"); *see also Odom v. Southeast Supply Header*, LLC, 2009 WL 1658961 at *1 (S.D. Ala. 2009) ("Striking a pleading on Rule 12(f) grounds is a drastic, disfavored remedy.").

The plaintiff argues that several of the asserted affirmative defenses should be stricken because they are not truly affirmative defenses but only denials of allegations made in the complaint. (Doc. 27 at 4-8). As the plaintiff's own authority points out, "[a]n affirmative defense raises matters extraneous to the plaintiff's prima facie case …." *In re: Rawson Food Service, Inc*., 846 F.2d 1343, 1349 (11th Cir. 1988) (internal quotes omitted). The plaintiff appears to ask the Court to assume that whatever it alleged in its complaint is part of its prima facie case, but the Court declines to indulge that assumption. It is not uncommon for plaintiffs to allege more than the law requires, and it is not the Court's responsibility to pick through the complaint – and the law – on the plaintiff's behalf to determine what is and is not part of its prima facie case.

---

[3] *E.g., Petrie v. Electronic Game Card, Inc*., 761 F.3d 959, 966 (9th Cir. 2014); *Manning v. Boston Medical Center Corp*., 725 F.3d 34, 59 (1st Cir. 2013); *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 846 (6th Cir. 2011); *Delta Consulting Group, Inc. v. R. Randle Construction, Inc*., 554 F.3d 1133, 1141-42 (7th Cir. 2009); *BJC Health System v. Columbia Casualty Co*., 478 F.3d 908, 917 (8th Cir. 2007).

The plaintiff asserts that "[a]n affirmative defense may be stricken if it is not actually an affirmative defense, but merely repeats a defendant's denials or assertions [sic] that the complaint is inadequate." (Doc. 27 at 4). The single case the plaintiff cites did not involve a motion to strike and so does not support the proposition. Even assuming its accuracy, "may" is far different than "should." According to the plaintiff, the justification for its motion to strike is to "prevent wasteful litigation," (Doc. 27 at 2), and it fails to explain how striking matters from the answers that, it insists, will then remain fully in controversy could possibly prevent wasteful litigation concerning them. Such an action does nothing to streamline the proceedings or save the litigants, or the Court, any time or effort. This motion, in contrast, brought to achieve such an unproductive end, has consumed the resources of the litigants and the Court.

In a related vein, the plaintiff posits that a true affirmative defense must be "relevant to liability" and not to the relief awarded. (Doc. 32 at 2). The plaintiff cites no authority in support of its position, which runs counter to authority of which the Court is aware. *E.g., Holland v. Gee*, 677 F.3d 1047, 1064-65 (11th Cir. 2012) (the doctrine of after-acquired evidence, which serves to limit awards of back pay, "is an affirmative defense"); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1247 (11th Cir. 2000) ("The failure to mitigate one's damages is an affirmative defense …").

Only four affirmative defenses are not fully captured by the foregoing. The defendants have "withdraw[n]" their sixth and ninth defenses, (Doc. 31 at 2), leaving the fourth and fifth for further discussion.

The fourth affirmative defense asserts accord and satisfaction between the defendants and various of their customers. The plaintiff insists there is no accord and satisfaction between it and the defendants, (Doc. 27 at 10-11), but it does not attempt to show either that there was no accord and satisfaction between the defendants and any of their customers or that any such accord and satisfaction would be irrelevant to the relief awarded herein. On the contrary, the plaintiff

admits that this affirmative defense, if proved, would reduce "the dollar amount of redress." (*Id*. at 11).

The fifth affirmative defense asserts that, because customers could not reasonably rely on any purported representations in the light of written materials they received, "the Plaintiff is estopped from claiming consumers were ignorant of the services provided and/or the actual agreement." The defendants do not disagree with the plaintiff's cases ruling that estoppel does not apply against it, (Doc. 27 at 11); on the contrary, they have abandoned their sixth and ninth affirmative defenses precisely because they asserted estoppel against the plaintiff. (Doc. 31 at 7). The defendants simply deny that the fifth affirmative defense, like the sixth and ninth affirmative defenses, asserts "an estoppel argument against the F.T.C." (*Id*.). By its express terms, however, the fifth affirmative defense claims "the Plaintiff is estopped."

For the reasons set forth above, the plaintiff's motion to strike is **granted** with respect to the fifth affirmative defense, **denied as moot** with respect to the sixth and ninth affirmative defenses, and **denied** in all other respects. The fifth affirmative defense is **stricken**.

DONE and ORDERED this 28th day of May, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE